UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT J. WAGONER,                )
                                  )
        Plaintiff,                )
                                  )     CAUSE NO. 3:17-CV-899 RLM
    vs.                           )
                                  )
ELKHART COUNTY SHERIFF, *et. al.*,)
                                  )
        Defendants.               )

## OPINION AND ORDER

Robert J. Wagoner, a prisoner representing himself, filed a vague complaint against the Elkhart County Sheriff and all "Elkhart County Correctional Officers that Pass Laundry." "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, a court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Wagoner is incarcerated at the Elkhart County Correctional Center. He alleges that he hasn't received clean towels in two weeks. He also alleges that

when he went to exchange his clothes and towels on November 24, 2017, he "got no clean towel and no clean uniform, top or bottom." Because Mr. Wagoner was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.*

Mr. Wagoner alleges the denial of the minimal civilized measure of life's necessities based on the lack of clean towels and clothing. "[T]he Constitution does not mandate comfortable prisons . . .." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The constitution isn't violated unless a prisoner is denied the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Conditions that simply cause inconveniences and discomfort or make confinement unpleasant don't rise to the level of a constitutional violation. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

> The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where prison officials are deliberately indifferent to this state of affairs.
>
> We have identified several situations that meet this demanding test, including lack of heat, clothing, or sanitation. In addition, some conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so. An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem.

*Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quotation marks, citations, and brackets omitted).

While Mr. Wagoner prefers to have received clean towels and clothes on a more regular basis, he doesn't allege that this is anything more than an inconvenience. He doesn't explain how he was harmed by this or how this constitutes a denial of life's necessities. Nor does he explain why he needed clean towels and clothes more often. These allegations are too vague for the court to determine if a constitutional violation has occurred.

Mr. Wagoner hasn't explained how any defendant was deliberately indifferent to the complained of conditions. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Even if Mr. Wagoner had alleged a constitutional violation, he didn't name a proper defendant. He names only the Elkhart County Sheriff and all "Elkhart County Correctional Officers That Pass Laundry" as defendants. The Sheriff isn't alleged to have been personally involved in subjecting him to unconstitutional conditions of confinement. Because a person isn't liable under 42 U.S.C. § 1983 simply because someone who reports to him violated someone's constitutional

rights, the Sheriff can't be held liable simply because he oversees operations at the jail or supervises other correctional officers. *Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir. 2009). "Public employees are responsible for their own misdeeds but not for anyone else's." *Id.* Mr. Wagoner hasn't state a claim against the Sheriff.

Mr. Wagoner doesn't identify any of the responsible officers by name. "Elkhart County Correctional Officers That Pass Laundry" isn't not a specific enough description to identify the proper defendants. Instead, it is more akin to "John Doe." This type of unnamed defendant must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If Mr. Wagoner files an amended complaint, he must identify and name or identify these defendants by some other means.

Though this complaint does not contain the factual basis to plausibly state a claim, it's possible that facts exist that Mr. Wagoner could do so. Therefore, he will be granted leave to file an amended complaint. *See Luevano v. Wal-Mart,* 722 F.3d 1014 (7th Cir. 2013). In any amended complaint, Mr. Wagoner needs to identify the responsible defendants and set forth his claims against each defendant in sufficient detail. He must address the deficiencies raised in this order for any claims that he attempts to reassert. In any amended complaint, he should explain in his own words what happened, when it happened, where it happened,

who was involved, and any injuries he has suffered. He may attach any documentation he has in his possession or can obtain related to his claims.

For these reasons, the court DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to the plaintiff, and GRANTS the plaintiff until March 1, 2018, to file an amended complaint. If Mr. Wagoner doesn't respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 5, 2018

/s/ Robert L. Miller, Jr.
Judge
United States District Court